LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MARTIN PUEBLA,<br>NICOLAS PUEBLA-FLORES,<br>EDGAR PUEBLA, JESUS VASQUEZ<br>and JOAQUIN GALLEGOS,<br>*on behalf of themselves,*<br>*FLSA Collective Plaintiffs*<br>*and the Class,*<br><br>                              Plaintiffs,<br><br>      v.<br><br>T&A MARBLE & TILE, INC.,<br>JOHN DOE CORP.<br>        d/b/a MAXX DEVELOPMENT GROUP,<br>ANTONIO ANZOVINO<br>and MAXIMILIANO ZAPPONE,<br><br>                              Defendants. | Case No:<br><br>**CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiffs, MARTIN PUEBLA, NICOLAS PUEBLA-FLORES, EDGAR PUEBLA, JESUS VASQUEZ and JOAQUIN GALLEGOS ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, T&A MARBLE & TILE, INC., JOHN DOE

1

CORP d/b/a MAXX DEVELOPMENT GROUP (the "Corporate Defendants"), ANTONIO ANZOVINO and MAXIMILIANO ZAPPONE (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages (3) compensation for retaliation, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties, (3) compensation for retaliation, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MARTIN PUEBLA, is a resident of Bronx County, New York.

6. Plaintiff, NICOLAS PUEBLA-FLORES, is a resident of New York County, New York

7. Plaintiff, EDGAR PUEBLA, is a resident of Bronx County, New York.

Case 1:17-cv-02433   Document 1   Filed 04/04/17   Page 3 of 14

8. Plaintiff, JESUS VASQUEZ, is a resident of Bronx County, New York.

9. Plaintiff, JOAQUIN GALLEGOS, is a resident of Bronx County, New York.

10. Corporate Defendants:

(a) Upon information and belief, Defendant, T&A MARBLE & TILE, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business at 2024 Williamsbridge Road, Bronx, NY 10461 and an address for service of process located at 909 Midland Ave., 3rd Floor, Yonkers, NY 10704.

(b) Upon information and belief, Defendant, JOHN DOE CORP d/b/a MAXX DEVELOPMENT GROUP is a domestic business corporation organized under the laws of New York, with a principal place of business at 2024 Williamsbridge Road, Bronx, NY 10461, a corporate office at 935 Morris Park Avenue, Bronx, New York 01542, and an address for service of process located at 909 Midland Ave., 3rd Floor, Yonkers, NY 10704.

11. Upon information and belief, Defendant, JOHN DOE CORP d/b/a MAXX DEVELOPMENT GROUP is a successor in interest to T&A MARBLE & TILE, INC.

The Successor Defendant is successor-in-interest to the Predecessor Defendants because:

` (i) The Successor Defendant continued the operation of the same type of business;

(ii) The Predecessor Defendant had outstanding liabilities at the time that they sold the business, and transferred such liabilities to the Successor Defendant;

(iii) The Predecessor Defendant transferred inventory and equipment to the Successor Defendant;

(iv) The Successor Defendant continued the labor and employment policies of the Predecessor Defendant;

(vi) The Successor Defendant continued the operation of the business at the same physical address with the same look and feel;

(vii) The Successor Defendant retained employees previously employed by Predecessor Defendant;

(viii) The Successor Defendant employ individuals in the same positions, and under substantially the same working conditions;

(ix) The Successor Defendant had notice of potential liability under the FLSA and NYLL prior to acquiring the business from Predecessor Defendant;

(x) The Successor Defendant possessed knowledge that unpaid wages were owed to employees prior to acquiring the business from Predecessor Defendant.

12. Upon information and belief, Defendant, ANTONIO ANZOVINO, is the Chairman or Chief Executive Officer of Defendant, T&A MARBLE & TILE, INC. Defendant ANZOVINO exercised control over the terms and conditions of Plaintiffs' employment. With respect to Plaintiffs he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

13. Upon information and belief, Defendant, MAXIMILIANO ZAPPONE, is the Chairman or Chief Executive Officer of Successor Defendant, JOHN DOE CORP. d/b/a MAXX DEVELOPMENT GROUP.

14. At all relevant times, each of the Corporate Defendants were and continues to be an "enterprises engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

...

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including tile installers, tile installer helpers, drivers, laborers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

19. *Plaintiff Martin Pueblas*

(a) On or about January 1, 1989, Plaintiff, MARTIN PUEBLAS, was hired by Defendants and/or their predecessors, as applicable, to work as a driver for Defendants' construction business located at 2024 Williamsbridge Road, Bronx, NY 10461.

    (b) MARTIN PUEBLA worked for Defendants until on or about August 30, 2015.

    (c) During the employment of Plaintiff, MARTIN PUEBLA, by Defendants, he worked over forty (40) hours per week.  During Plaintiff MARTIN PUEBLA's employment by Defendants, he worked over ten (10) hours per day.

    (d) Specifically, Plaintiff MARTIN PUEBLAS worked 6 days a week for 11.5 hours per day.  Prior to June 2014, Plaintiff received his compensation on a salary basis, at a rate of $1000 per week. Plaintiff received $500 of his salary in cash and the remaining $500 by check. In June 2014, Plaintiff's salary was raised to $1,200 per week. Following his raise, Plaintiff received $500 of his salary in cash and the remaining $700 by check. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff MARTIN PUEBLA' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

    (e)   Other non-exempt employees worked similar hours and were provided similar compensation.

20. *Plaintiff Nicolas Puebla-Flores*

    (a) On or about January 1, 2000, Plaintiff, NICOLAS PUEBLA-FLORES, was hired by Defendants and/or their predecessors, as applicable, to work as a laborer for Defendants' construction business located at 2024 Williamsbridge Road, Bronx, NY 10461.

    (b) NICOLAS PUEBLA-FLORES worked at T&A MARBLE & TILE, INC. until on or about August 30, 2015.

    (c) During the employment of Plaintiff, NICOLAS PUEBLA-FLORES, by Defendants, he worked over forty (40) hours per week. During Plaintiff's employment by Defendants, he worked over ten (10) hours per day.

    (d) Specifically, Plaintiff NICOLAS PUEBLA-FLORES worked 6 days a week for 11.5 hours per day. Between 2009 and June 2014, Plaintiff received his compensation on a salary basis, at a rate of $600 per week. In June 2014, NICOLAS PUEBLA-FLORES' salary was raised to a rate of $700 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff NICOLAS PUEBLA-FLORES' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff NICOLAS PUEBLA-FLORES is a non-exempt employee who must be paid on an hourly basis.

    (e) Other non-exempt employees worked similar hours and were provided similar compensation.

21. *Plaintiff Edgar Puebla*

    (a) On or about January 2009, Plaintiff, EDGAR PUEBLA, was hired by Defendants and/or their predecessors, as applicable, to work as a tile installer helper for Defendants' construction business located at 2024 Williamsbridge Road, Bronx, NY 10461.

    (b) EDGAR PUEBLA, worked at T&A MARBLE & TILE, INC. until on or about January 30, 2016.

(c) During the employment of Plaintiff, EDGAR PUEBLA, by Defendants, he worked over forty (40) hours per week.

(d) Specifically, Plaintiff EDGAR PUEBLA worked 6 days a week for 9 hours per day. Between January 2009 and December 2012, Plaintiff received his compensation on a salary basis, at a rate of $110 per day. In January 2013, EDGAR PUEBLAS' salary was raised to a rate of $120 per day. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff EDGAR PUEBLAS' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff EDGAR PUEBLA is a non-exempt employee who must be paid on an hourly basis.

(e) Other non-exempt employees worked similar hours and were provided similar compensation.

22. *Plaintiff Jesus Vasquez*

(a) On or about January 2009, Plaintiff, JESUS VASQUEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a handyman for Defendants' construction business located at 2024 Williamsbridge Road, Bronx, NY 10461.

(b) JESUS VASQUEZ, worked at T&A MARBLE & TILE, INC. until on or about February, 2016.

(c) During the employment of Plaintiff, JESUS VASQUEZ, by Defendants, he worked over forty (40) hours per week.

(d) Specifically, Plaintiff JESUS VASQUEZ worked 6 days a week for 9 hours per day. Between January 2009 and December 2012, Plaintiff received his compensation on a salary basis, at a rate of $120 per day. In January 2013, JESUS VASQUEZS' salary was raised to a rate of $130 per day. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff JESUS VASQUEZS' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff JESUS VASQUEZ is a non-exempt employee who must be paid on an hourly basis.

(e) Other non-exempt employees worked similar hours and were provided similar compensation.

23. *Plaintiff Joaquin Gallegos*

(a) On or about January 2008, Plaintiff, JOAQUIN GALLEGOS, was hired by Defendants and/or their predecessors, as applicable, to work as a tile installer for Defendants' construction business located at 2024 Williamsbridge Road, Bronx, NY 10461.

(b) JOAQUIN GALLEGOS, worked at T&A MARBLE & TILE, INC. until on or about January 20, 2016.

(c) During the employment of Plaintiff, JOAQUIN GALLEGOS, by Defendants, he worked over forty (40) hours per week.

(d) Specifically, Plaintiff JESUS VASQUEZ worked 6 days a week for 9 hours per day. Throughout his employment, Plaintiff received his compensation on a salary basis, of $150 per day. There was never any agreement that

9

        Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff JOAQUIN GALLEGOS' rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff JOAQUIN GALLEGOS is a non-exempt employee who must be paid on an hourly basis.

    (e) Other non-exempt employees worked similar hours and were provided similar compensation.

24. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs the New York State overtime rate (of time and one-half).

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

26. When Defendants became aware Plaintiffs were contemplating to bring FLSA and New York Labor Law claims Defendants retaliated against the Plaintiffs to avoid this litigation by asking Immigration authorities to investigate Defendants immigration status and get them deported.

27. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

28. Plaintiffs reallege and reaver Paragraphs 1 through 27 of this class and collective action Complaint as if fully set forth herein.

29. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

30. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

31. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.00.

32. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

33. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) and retaliation

damages pursuant to the FLSA.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

37. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS

38. Plaintiffs reallege and reaver Paragraphs 1 through 37 of collective action Complaint as if fully set forth herein.

39. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

40. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

42. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

43. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

44. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

45. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, reasonable attorneys' fees, liquidated damages, retaliation damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over 40 per workweek, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked, overtime compensation for all hours worked over 40 per workweek pursuant to the New York Labor Law;

g. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Compensation for retaliation;

i. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j. Designation of Plaintiffs as Representatives of Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 4, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By: _____/s/ C.K. Lee_____
C.K. Lee, Esq. (CL 4086)