# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
               cklee@leelitigation.com

July 20, 2018

**VIA ECF**
The Honorable George B. Daniels, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *Puebla et al v. T&A Marble & Tile, Inc. et al.,*
               Case No. 17-CV-2433

Dear Judge Daniels:

      We are counsel to Plaintiffs. We write to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    **I.   Legal Standard**

      As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

      This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are 1/3 of the settlement amount after the deduction of costs. The $55,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation and should be approved.

    **II.   Settlement Between Plaintiffs and Defendants is Objectively Fair, Adequate and Reasonable**

*Plaintiffs' Range of Possible Recovery*

      Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $55,000; $40,000 of which represents the settlement amount to be allocated to Plaintiffs in return for the release of their FLSA claims. Plaintiffs are each receiving $8,000, even after attorney's fees. Below is a chart representing their percentage recovery based on their

individually alleged back wages owed to them under the FLSA. Attached hereto as **Exhibit B** are damage calculations for Plaintiffs.

| Plaintiff | Amount owed (approx.) | Recovery | Percentage Recovery |
|---|---|---|---|
| Martin Puebla | $50,000 | $8,000 | 16% |
| Nicolas Puebla Flores | $30,000 | $8,000 | 26% |
| Edgar Puebla | $22,000 | $8,000 | 36% |
| Jesus Vasquez | $25,000 | $8,000 | 32% |
| Joaquin Gallegos | $29,000 | $8,000 | 27% |

Plaintiffs' damage calculations assume that all of the facts alleged by Plaintiffs are entirely correct. Defendants contest most of Plaintiffs' allegations and contest that Plaintiffs are owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiffs was paid an hourly rate, rather than a fixed salary, Plaintiffs' damages would be significantly reduced and they would run the significant risk of obtaining less than the payment that they are receiving in the settlement.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiffs wish to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiff is receiving a significant amount of back wages owed while eliminating the risks of trial.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive a significant amount of back wages owed, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

### III. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $55,000 settlement amount, $15,000 is allocated to attorneys' fees and costs. The $15,000 in legal fees equals less than 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

   Plaintiff's counsel's fees and costs of $15,000 is fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing an Amended Complaint, preparing damages calculations, negotiating with Defendants' counsel, serving discovery demands, preparing for and attending a mediation session, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

   In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

Respectfully submitted,

  */s/ C.K. Lee*
C.K. Lee, Esq.